Kenneth A. Davis v. Commissioner.
Davis v. Commissioner
Docket No. 1903-62.
United States Tax Court
T.C. Memo 1964-103; 1964 Tax Ct. Memo LEXIS 230; 23 T.C.M. (CCH) 605; T.C.M. (RIA) 64103; April 22, 1964
Kenneth A. Davis, pro se, St. Joseph St., Indianapolis, Ind. Howard K. Schwartz, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1959 in the amount of $721.62. The issue for decision is whether petitioner furnished over one-half of the total cost of support of five children during the calendar year 1959. Findings of Fact Petitioner is an individual now residing in Indianapolis, *231 Indiana. During the calendar year 1959, he resided in Cleveland, Ohio and filed an individual income tax return for that year on Form 1040A with the district director of intenal revenue at Cleveland, Ohio. On this return he claimed exemptions for Earl Smith, stepson; Christine Smith, stepdaughter; Diane Davis, daughter; Kenneth A. Davis, Jr., son; and Linda Davis, daughter. From January to approximately April 21, 1959, petitioner and his wife were living together in Cleveland, Ohio. With them were living Earl and Christine Smith, who were children of petitioner's wife by a previous marriage, and Diane, Kenneth A., Jr., and Linda Davis, who were children of petitioner and his wife. Petitioner furnished the entire support for himself, his wife, and the five children from January 1 to April 21, 1959. On April 21, 1959, petitioner's wife took the five children to Texas. She took the household furnishings with her and approximately $500 in cash which she obtained from petitioner. Petitioner's wife and the five children moved into a house in Texas which was owned jointly by petitioner and his wife. Petitioner made the mortgage payments of approximately $70 a month on the house in Texas. *232 He also sent approximately $200 in money to his wife after she and the five children moved to Texas. Petitioner's wife had been employed as a waitress for a few days in Cleveland, Ohio, before she moved to Texas. Shortly after her arrival in Texas, she obtained full-time employment as a waitress and worked as a waitress for the balance of the year 1959. Respondent in his notice of deficiency increased petitioner's taxable income as shown on his return by $3,000, explained under the designation, "Additional income and unallowable deductions: (a) Exemption Credits (5 at $600.00 ea.)" as follows: It is determined that for the taxable year ended December 31, 1959 you did not furnish over one-half of the total cost of support for Earl Smith, Christine Smith, Diane Davis, Linda Davis, and Kenneth A. Davis, Jr., as required where exemption credit is claimed for dependents under Section 152 of the Internal Revenue Code. Accordingly, their exemption credits are not allowable under Section 151 or any other section of the 1954 Internal Revenue Code. Opinion Section 151(e) of the Internal Revenue Code of 1954[1] provides in the case of individuals *233 for an exemption of $600 for each dependent as defined in section 152. Section 152(a) defines the term, "dependent" to mean the individuals listed therein "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Since respondent has disallowed the exemptions claimed by petitioner for the two children of his wife by a former marriage and his three children, it is incumbent upon petitioner to establish that he is entitled to these exemptions, which requires that he show that he contributed over one-half of the support of each of these children. Petitioner has offered some evidence, as our findings indicate, to show what he paid toward the support of the five children. He has made no showing of the entire cost of the support of the children, nor has he offered any evidence from which we reasonably might judge what the entire cost of the support of the children was so as to determine whether the amount he paid was over one-half of the total cost. He stated that he presumed his wife had some income from working as a waitress *234 from sometime in April through the end of the year 1959, but he did not know how much. He did not know how many days a week she worked as a waitress during this time or whether it was full or part time, nor did he know what use she made of her earnings during this period. Because of this failure in proof on the part of petitioner, we sustain respondent's determination. Since a question was raised at the trial whether a refund claimed by petitioner on his return has been previously allowed, Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩